IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JEFFREY RUFFIN, #R5830**                                                                              **PLAINTIFF**

**V.**                                                                              **Civil Action No.: 2:10cv164-MTP**

**BEVERLY HILL, et al.**                                                                              **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on March 22, 2011. Plaintiff appeared *pro se*; Charles Irvin appeared on behalf of Defendants Beverly Hill, Ronnie Lampley, and Ronald King. The Court scheduled this hearing for the combined purposes of conducting a *Spears* hearing,[1] a scheduling/case management hearing, and a discovery conference. The Court's purpose in conducting the hearing is to ensure the just, speedy, and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issue involved in this case and requests for discovery, the Court does hereby find and order as follows:

## JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a post-conviction inmate at South Mississippi Correctional Institution (SMCI). He is currently incarcerated at Mississippi State Penitentiary. Plaintiff's claims and the relief sought were clarified and amended by sworn testimony during the Spears hearing. As a result, the following claims are pending before the Court and no further amendments will be allowed absent a showing of good cause:

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff alleges that the Defendants, each of them employees at SMCI, failed to protect him from harm at the hands of another inmate.[2] Plaintiff testified that on or about May 5, 2009, during his incarceration at SMCI, he was injured by another inmate named Bradley. According to Plaintiff, this inmate had physically injured him in another violent altercation approximately one year prior to the incident contained in his instant Complaint. Allegedly Ruffin completed an incident report following the 2008 injury, a process that he described as having "signed" a "red tag." According to Plaintiff, SMCI policy dictates that when one inmate completes a "red tag" complaint against another, those two inmates are to be sequestered from one another.

On May 5, 2009, Plaintiff alleges that two SMCI officers, Lt. Beverly Hill, accompanied by Capt. Ronnie Lampley, transferred Bradley into Plaintiff's unit. Plaintiff stated that Capt. Lampley and Lt. Hill entered Plaintiff's unit with Bradley, then Capt. Lampley left and Lt. Hill remained to secure Bradley inside the unit. Just before Bradley was placed in the unit, he was said to have told Lt. Hill that Plaintiff had a "red tag" against him, and that he was not to have any contact with Plaintiff. Lt. Hill was said to have acknowledged and verbalized her indifference to Bradley's statement and proceeded with securing Bradley inside the unit despite the policy that dictated Plaintiff and Bradley were to be sequestered.

Shortly after having been moved into Plaintiff's unit, Bradley reportedly attacked Plaintiff, cutting Plaintiff on the head with an unidentified object. As a result of the attack, Plaintiff reportedly had a 3/8 inch cut on the side of his head and three scratches on his right arm. Plaintiff received medical treatment; however, none of the cuts required stitches.

---

[2]Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833-834, 114 S.Ct. 1970, 1976 -1977 (1994).

Plaintiff alleges that Lt. Hill had actual knowledge that SMCI policy prohibited Bradley from being housed in Plaintiff's unit and ignored that policy, which constituted a failure to protect Plaintiff from a known risk of physical injury/harm. As to Defendant Lampley, Plaintiff alleges that due to his supervisory position, he should have known of the existing "red tag" order and should not have transferred Bradley into Plaintiff's unit. According to Plaintiff, this constituted a failure on Lampley's part to protect Plaintiff from a known risk of harm. As to Defendant King, Plaintiff alleges that as superintendent of SMCI, King failed to take reasonable measures to investigate the incident. Plaintiff's request for relief regarding the incident was made to the Mississippi Department of Corrections' Administrative Remedy Program (ARP) and was was denied by King. Plaintiff seeks $60,000 in monetary damages for his physical injuries, with all defendants to be jointly and severally liable.

## DISCOVERY ISSUES

During the hearing, Defendants produced all of Plaintiff's medical records in their possession, as well as the Mississippi Department of Corrections' records of Plaintiff's ARP submissions. Defendants are required to produce all Rule Violation Report (RVR) records concerning the incidents involving Plaintiff and Bradley, including the Plaintiff's "red tag" application against Bradley in 2008. These records are to be produced within thirty days.

Other than the aforementioned discovery requests, there are no other discovery issues pending at this time. The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate in light of the issues presented. *See* Fed. R. Civ. P. 26(b)(1). Thus, the parties shall not propound additional discovery requests unless leave of the Court is requested and obtained.

## **PENDING MOTIONS**

There are no pending motions before the Court.

## **MOTIONS DEADLINE**

The deadline for filing motions (other than motions *in limine* and motions based on the exhaustion of administrative remedies) is June 15, 2011.

Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED this the 25th day of March, 2011.

s/ Michael T. Parker<br>
United States Magistrate Judge